## 63732. PAYNE v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was found guilty of possessing marijuana and morphine. He now appeals from the judgment entered on the verdict, enumerating error on the court's charge and on the general grounds. We affirm.

The contraband was found in the glove compartment of appellant's automobile by a police officer conducting an inventory search. It is undisputed that the morphine had been placed there by a friend of appellant without appellant's knowledge. However, appellant admitted that he was aware of the presence of the morphine in the glove compartment of his car prior to his arrest. Based on this factual setting, appellant raises the general grounds and takes issue with several jury instructions delivered by the trial court.

1. Appellant maintains that the trial court erred when it failed to charge, upon written request, that a defendant retains a presumption of innocence until proven guilty. A perusal of the record reveals that the trial court's instruction on the issue is verbatim to the

written request submitted by appellant. Thus, appellant's enumeration is without merit.

2. Appellant next argues that the trial court's charge on constructive possession was incomplete and inaccurate. However, the charge, taken as a whole, does not suffer from the deficiencies pointed out by appellant. It clearly set forth intent to exercise dominion or control as an element of constructive possession, and the jury was informed that the presumption of possession by the driver of an automobile of all objects within the vehicle was rebuttable. See *Autry v. State,* 150 Ga. App. 584 (2) (258 SE2d 268); *Tamez v. State,* 148 Ga. App. 307 (2) (251 SE2d 159); *Neal v. State,* 130 Ga. App. 708 (2) (204 SE2d 451).

3. Enunciating the same grounds discussed in Division 2, appellant attacks the charge on possession given the jury in response to a jury request therefor. It appears that appellant's argument is premised on the contention that the recharge was erroneous because it failed to distinguish actual from constructive possession. " 'Where the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry.' [Cit.] It is within the court's discretion to recharge the jury in full or only upon the point or points requested. [Cit.]" *Evans v. State,* 138 Ga. App. 460 (2) (226 SE2d 303). Thus, appellant's enumeration is meritless.

4. Inasmuch as there was evidence from which a rational trier of fact could conclude that appellant owned the automobile in which the contraband was found, that he was aware of its presence and had the power and intent to exercise dominion and control over it, there was sufficient evidence to authorize appellant's conviction. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See generally *State v. Lewis,* 249 Ga. 565 (292 SE2d 667).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED JUNE 28, 1982.

*Hugh W. Stone,* for appellant.
*V. D. Stockton, District Attorney, W. Brek Barker, Assistant District Attorney,* for appellee.