38693, 38694. RESPRESS v. THE STATE (two cases).

CLARKE, Justice.

Appellant was indicted and tried for the murder of Forest Berry in Fulton County. The jury was instructed on murder, justification, voluntary manslaughter and involuntary manslaughter, and returned a verdict of guilty of murder. He was sentenced to life imprisonment and appeals. We affirm.

1. Case No. 38693 is a pro se appeal filed by Respress and is based upon the failure of the state to provide him a preliminary hearing. Appellant was arrested in Chicago, Illinois, on July 10, 1981, for the murder of Berry which occurred on May 6, 1981, in Atlanta. He was duly indicted by a grand jury of Fulton County on July 14, 1981. No request for a hearing was ever filed. There is no merit to the grounds for this appeal. *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d

343) (1976).

2. Case No. 38694 is the appeal filed by appellant's attorney. In his first enumeration of error it is contended that the evidence is insufficient to support the verdict. It is uncontested that the victim died from knife wounds inflicted by the appellant. It was established that the victim and two others had spent most of the day with the appellant at the apartment shared by appellant and his girl friend. The evidence showed that the men had been drinking and arguing during the course of the day and at one point appellant had physically removed one man from the apartment.

Later in the evening the appellant gave the victim twenty dollars to purchase some liquor. The victim returned from the store without the liquor and refused to return the money. The two began arguing. The appellant got a knife from the kitchen. He was demanding his money and that the victim leave. The victim sat down on the couch. The appellant testified that he slapped the victim several times. According to his own testimony the knife was in his other hand but he was not threatening the victim with it. He stated that the victim jumped him after the slapping and took the knife away. As they rolled on the floor the appellant testified he was able to take the knife back and that while struggling the knife went into the victim. Appellant testified that his own hand was badly cut in the scuffle. Appellant then ran outside, spoke to his girl friend, and left the scene.

The medical examiner testified that death was caused by loss of blood. One wound was to the neck which sliced through the jugular vein; another life-threatening wound was a deep cut into the stomach. There was also a severe cut to one hand and two puncture wounds in the back. The evidence showed that the appellant began the physical fighting and that he knew the victim was unarmed when he approached him with the knife. The jury was adequately charged on and rejected self-defense and provocation theories as well as involuntary manslaughter.

Under these circumstances a finding of malice which would support a conviction of murder was authorized. See *Dixon v. State,* 243 Ga. 46 (252 SE2d 431) (1979). We hold that the facts are sufficient for a rational trier of fact to have found the appellant guilty of murder beyond a reasonable doubt.

3. The second enumeration of error contends the trial court erred in admitting a photograph depicting the victim's head and shoulders over the objection of defense counsel that it would only inflame the minds of the jurors. The state had offered two photographs depicting the same scene and the court ruled that only one could be admitted. Photographs of the victim's wounds and body are relevant to the issues as related to self-defense and the nature of

the wounds. *Anderson v. State,* 248 Ga. 682 (285 SE2d 533) (1982). The admission of the photograph was not error.

4. During the first part of appellant's direct testimony on the stand his attorney asked who was present in the apartment early in the evening. Appellant named the girlfriend, the victim, and another man who stopped by the apartment for a short time. Appellant then began to relate the details of an argument between the victim and the other individual. Counsel for the state objected that the evidence of an argument between the victim and a third party at an earlier time was irrelevant and the court sustained the objection, and instructed the appellant to confine his answers to the information sought by the questions. Defense counsel then rephrased his question and the direct examination proceeded.

It is contended on appeal that this testimony was admissible as evidence of the violent character of the victim. When relying on justification in a homicide case the accused may offer evidence of the violent character of the deceased victim if it is shown that the victim was the aggressor and was assailing the accused and that the accused was in the act of defending himself. *Curtis v. State,* 241 Ga. 125 (243 SE2d 859) (1978). Although prior specific acts are generally not admissible to show violent character, specific acts perpetrated by the victim upon the accused tending to show that the accused had reasonably believed that deadly force was necessary to defend himself is admissible once a prima facie case for justification is made. *Milton v. State,* 245 Ga. 20 (262 SE2d 789) (1980).

When the objection was sustained in this case there was no showing of what act of violence was allegedly made, nor was there any attempt to show that an earlier argument between the victim and a third person was related to the accused's claim of self-defense. Furthermore, *Milton* applies to acts committed by the victim against the accused, and not to prior acts toward a third person. See *Music v. State,* 244 Ga. 832 (262 SE2d 128) (1979). The trial court did not err in ruling the testimony inadmissible.

5. In his last enumeration of error the appellant contends that the trial court's charge on justification was misleading and burden shifting. The court charged the language of Code Ann. § 26-902 (a). The appellant complains because the court referred in the charge to "paragraph a" and that he did not define what "paragraph a" referred to. Reading the charge as a whole we do not find it to be misleading. The court also properly charged on burden of proof making it clear that no burden was on the defendant. There is no merit to the claim that the charge was harmful. See *Walston v. State,* 245 Ga. 572 (266 SE2d 185) (1980).

*Judgment affirmed. All the Justices concur.*

Decided July 8, 1982 —
Rehearings denied July 21 and July 28, 1982.

Gary E. Respress, *pro se* (case no. 38693).
*Carl Greenberg,* for appellant (case no. 38694).
*Lewis R. Slaton, District Attorney, J. Wallace Speed, Assistant District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Assistant Attorney General,* for appellee.