## 39136. GOLDEN v. THE STATE.

WELTNER, Justice.

Annie Jane Golden was convicted in Liberty County for the murder of Peter Robertson, Jr., and sentenced to life imprisonment.

According to the evidence, the victim had been drunk when, earlier that evening at the Goldens' home and in the presence of Mrs. Golden's husband, he had accused Mrs. Golden of marital infidelity. Words were exchanged between the Goldens after the victim left. Mrs. Golden then placed a kitchen knife in her handbag and went to a local nightclub where her mother was employed. The victim apparently followed her there, and repeated the accusation. Mrs. Golden then threw a glass of beer in his face. She testified that she killed him with the kitchen knife in self-defense when he stepped toward her.

Witnesses testified that the victim and Mrs. Golden were across the bar from each other; that she leaned across the bar and killed him with a single thrust of the knife into his chest.

1. The indictment alleged only malice murder, the court charged the law of malice murder and felony murder, and the jury returned a verdict of felony murder. There is no merit to Mrs. Golden's contention, regarding the court's charge on the felony murder, that the same act or blow — here the single thrust of the knife — cannot constitute an aggravated assault forming the basis for a conviction for felony murder. *Baker v. State,* 236 Ga. 754 (225 SE2d 269) (1976); *Phelps v. State,* 245 Ga. 338 (1) (265 SE2d 53) (1980); *Sutton v. State,* 245 Ga. 192 (1) (264 SE2d 184) (1980); *Braxton v. State,* 240 Ga. 10 (239 SE2d 339) (1977). Nor has Mrs. Golden been denied due process or subjected to double jeopardy. *McKenzie v. State,* 248 Ga. 294, 295 (3) (282 SE2d 95) (1981).

2. A charge on the law of involuntary manslaughter was not requested, and failure to give it was not error. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

3. The substance of Mrs. Golden's request to charge relating to her statement was charged by the court, and the court's failure to charge in the exact language of her written request was not error. *Nelson v. State,* 247 Ga. 172 (12) (274 SE2d 317) (1981).

4. Twelve times during the charge to the jury, the court referred to Mrs. Golden's admission as a "statement." Once the reference was to "any alleged statement or confession." Four times the court referred to "confessions" or "confession." The use of the word "confession" is enumerated as error.

"If the trial judges would avoid use of the word 'confession' in questionable cases and instead use the word 'admission' in each instance where they might otherwise use the word 'confession' or 'statement,' this entire problem would vanish." *Johnson v. State,* 242 Ga. 822, 825 (251 SE2d 563) (1979). This advice — once more unheeded — the problem — once more — arises.

A review of the charge as a whole convinces us that *in this instance* no prejudice has been suffered from the court's charge. Cupp v. Naughten, 414 U. S. 141 (94 SC 396, 38 LE2d 368) (1973).

5. Mrs. Golden's sister testified without objection that the victim had a reputation in the community for excessive drinking. Mrs. Golden testified without objection that the victim had a reputation for violence when he was drinking. The court correctly sustained the state's objection to Mrs. Golden's question inquiring into specific acts of violence possibly committed by the victim upon a third person who was not involved in the incident leading to the homicide. *Respress v. State,* 249 Ga. 731, 733 (4) (293 SE2d 319) (1982).

6. The court's charge adequately instructed the jury as to the form for a possible verdict of not guilty of either malice murder or felony murder.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 1, 1982 —
REHEARING DENIED DECEMBER 15, 1982.

*Richard D. Phillips,* for appellant.
*Dupont K. Cheney, District Attorney, Harrison W. Kohler, Assistant District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Staff Assistant Attorney General,* for appellee.