## 65092. FRANKLIN v. THE STATE.
## 65113. CHADWICK v. THE STATE.

SOGNIER, Judge.

Burglary. Both appellants appeal on the general grounds and contend the verdict is based on the uncorroborated testimony of an accomplice. They also contend the trial court erred by denying their motions for a directed verdict of acquittal. Additionally, Chadwick contends the trial court erred by allowing Franklin's written statement to the police to be read to the jury, and by failing to instruct the jury that the statement could not be used against Chadwick.

Appellants and Ronnie Stephens were riding around in

Chadwick's truck drinking beer. The truck got stuck on a dirt road and the three men started walking and came to a trailer at a construction site. Stephens broke a window to reach a telephone in the trailer so Chadwick could call for assistance. Stephens then crawled inside through the trailer window and started throwing various items belonging to the construction company out the window to Chadwick and Franklin. A woman living nearby heard the men and called the police, who arrived as the three men were carrying the stolen items away. The men dropped the items and started running; Franklin was apprehended in some woods near the scene and the other two men escaped.

Stephens testified for the state that both appellants participated in the burglary, and that all three men were carrying stolen items away when the police approached. Chadwick and Franklin made written statements admitting they were at the scene and that Stephens entered the trailer, but denying any participation in burglarizing the trailer. Both Franklin and Chadwick's testimony at trial was to the same effect.

1. a. The evidence related above is sufficient to support the verdicts. Although appellants denied participating in the burglary, the weight of the evidence and credibility of witnesses are questions for the jury. *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980). We hold that a rational trier of fact could find from the evidence adduced at trial proof of each appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It follows that it was not error to deny appellants' motions for a directed verdict of acquittal, as a verdict of not guilty was not demanded as a matter of law. See *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978); *Lingold v. State,* 162 Ga. App. 486, 488 (1) (292 SE2d 193) (1982).

b. Appellants' contention that their convictions were based on the uncorroborated testimony of an accomplice is without merit. Both appellants testified that they were at the scene; that Stephens broke the window and climbed in the trailer; and that Stephens threw various items out the trailer window. They also testified that they ran when the police car approached, and most of the stolen items were recovered from a ditch about 150 to 200 feet from the trailer. "Slight evidence of defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict." *Cummings v. State,* 240 Ga. 104, 105 (239 SE2d 529) (1977); *Black v. State,* 155 Ga. App. 798 (272 SE2d 762) (1980).

2. A written statement made by Franklin to the police was introduced into evidence and read to the jury by the police officer who

took the statement. Franklin stated that he "didn't want anything to do with Lenice [Chadwick] and Ronnie [Stephens] taking that stuff and I was leaving." Chadwick contends it was error to allow this portion of Franklin's statement to be read to the jury because the confession of a co-defendant implicating another defendant cannot be admitted against that defendant at a joint trial. Chadwick contends the trial court erred further by not instructing the jury that Franklin's statement could not be used against Chadwick. We disagree.

The rule Chadwick seeks to invoke applies only when the co-defendant whose statement is offered (in this case, Franklin) does not testify and is not available for cross-examination. See Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968); Reddish v. State, 238 Ga. 136, 138 (231 SE2d 737) (1977). Since Franklin testified and was available for cross-examination the rule prohibiting use of his statement against Chadwick was not applicable. Thus, the trial court properly overruled Chadwick's objection to use of the statement, and the trial court was not required to charge the jury that Franklin's statement could not be used against Chadwick.

*Judgments affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 9, 1983 —
REHEARING DENIED FEBRUARY 23, 1983 —

*G. Hughel Harrison, Samuel H. Harrison,* for appellants.
*W. Bryant Huff, District Attorney, Stephen E. Franzen, Assistant District Attorney,* for appellee.