## 39934. RICHARDS v. THE STATE.

CLARKE, Justice.

Richards was convicted of the murder of Macie Spivey and sentenced to life imprisonment. He appeals, and we affirm.

Richards went to the victim's trailer looking for Vivian Corn, the victim's sister-in-law. The victim's husband had left for work and the victim was still asleep. Richards entered her bedroom, put his hand over her mouth and awakened her, saying that he wanted to talk with her without waking her two children. As they talked she laughed at him and told him she had been responsible for breaking up the relationship between Richards and Vivian. According to Richards'

---

statement, he shoved her down on the bed, and she was still laughing. "The next thing I remember I was standing there with the knife in my hand and she was just laying there with her back toward me." At this point Richards, who "wanted to get out of there," ran to his car and went back to his own trailer where he put his clothes in the washing machine and washed and oiled his Buck knife.

Macie's body was found by her husband. She had been stabbed six times in the chest. A neighbor testified that a car like Richards' car was parked at the end of the Spivey driveway from approximately 7:40 a.m. until 8:00 a.m. on the day of the murder. Macie's husband testified that he left the trailer at approximately 7:30 a.m.

(1) In his first enumeration of error Richards argues that the court erred in referring to a confession in his charge on incriminating statements. When an accused has made only an incriminating statement and not a confession, it is prejudicial error to charge on confession. E.g., *Pressley v. State,* 201 Ga. 267 (39 SE2d 478) (1946). Richards insists that his statement was not a confession and that the court's reference was prejudicial. We held in *Robinson v. State,* 232 Ga. 123 (205 SE2d 210) (1974), that the requirement that a confession contain all the essential elements of a crime was no longer valid. We found the proper test to be whether the statement is offered by the accused as inculpatory or exculpatory. Therefore, a statement in which the accused admits the main fact but includes facts which show excuse or justification is not a confession. On the other hand, a statement in which the accused never admits the main fact, but which is given for the purpose of assuming responsibility for the crime, and which is inconsistent with the possibility of innocence, is a confession. In *Robinson,* the defendant, charged with rape of a child, never admitted penetration but admitted grabbing the child, taking her upstairs in a house and putting his cap over her face. The statement continued, "I might have pulled her pants off and everything started getting fuzzy and after ten (10) minutes I ran back down stairs and looked up and down the street and then ran to my house and washed my hands and used the bathroom and I put my shorts in a bag and came down stairs and threw the bag in the trash can and ran to my mother-in-law's house." *Id.* at 125. This statement, which we found to be a confession in *Robinson,* is similar to Richards' statement here: "She just kept laughing at me, and I shoved her down on the bed. She was still laughing. The next thing I remember I was standing there with the knife in my hand and she was just laying there with her back toward me. I left the trailer, ran back down the road to my car, I just wanted to get out of there. I left there in my car and went back to my trailer on Georgia 225." Once he arrived at his trailer he put his shirt and jeans in the washing machine. "I don't know if they had blood on

them or not." He also stated that he washed and oiled his Buck pocketknife. We find that this statement, intended by Richards to be inculpatory rather than exculpatory in that it contains an admission of facts inconsistent with innocence and in that it contains no excuse or justification, constitutes a confession even though it contains no actual admission of the stabbing. *Robinson v. State,* supra.

The trial judge here gave a charge on incriminating statements which included the following language: "In weighing such evidence, you should consider whether the confession was made by the Defendant, whether it was truthful, whether it was accurately repeated, whether the Defendant understood what was said, the circumstances under which it was made, the emotions of hope or fear that may have existed." The court then reminded the jury that they might believe admissions or incriminatory statements in whole or in part and that upon the jury alone rested the task of weighing such evidence. The charge as given was not a charge on confession. The passing reference to confession was not enough to give the impression that the court considered the statement a confession. Therefore, even if the statement was not a confession but, rather, a mere incriminatory statement, we find it probable that in view of the charge as a whole the incidental use of the word "confession" did not contribute to the verdict. Cf. *Hill v. State,* 246 Ga. 402 (271 SE2d 802) (1980).

(2) In his second enumeration of error Richards contends that the admission into evidence of two photographs of the victim constituted reversible error. Photographs of the scene of the crime, the body of the victim, and the clothing of the victim are admissible when properly identified. This is true even though they may be cumulative of other evidence. *Mize v. State,* 240 Ga. 197 (240 SE2d 11) (1977). Photographs which are material and relevant are not excludable on the ground that they would inflame the jury. *Ramey v. State,* 250 Ga. 455 (298 SE2d 503) (1983); *Stevens v. State,* 242 Ga. 34 (247 SE2d 838) (1978). The photographs in question were taken of the victim's unclothed body at the time of autopsy. They show the stab wounds to her chest which were the cause of death and are thus material and relevant. They were taken before any autopsy incisions were made and show the body in the same state in which it was found except that one photograph was taken after the blood had been cleaned from the area of the wounds by the pathologist. The two photographs cannot be said to be duplicative. The admission of these photographs was proper under our recent decisions in *Brown v. State,* 250 Ga. 862 (302 SE2d 347) (1983); *Williams v. State,* 250 Ga. 553 (300 SE2d 301) (1983); and *Ramey v. State,* 250 Ga. 455 (298 SE2d 503) (1983).

(3) Richards enumerates as error the court's restricting his questioning of a GBI agent on the purpose of the State Crime Lab. The question by defense counsel of the GBI agent was: "And, of course, the purpose and reason we had a State Crime Lab is so that juries can have all the evidence possible before trial, is that not correct?" At this point the court interjected, "That's an argumentative question. Go on to something else." Richards' contention that this improperly restricted his cross-examination is without merit. The trial court has wide discretion in controlling the scope of cross-examination. *Kellar v. State,* 226 Ga. 432 (175 SE2d 654) (1970).

(4) Enumerations of error 4, 5, 6, and 7 all deal with the sufficiency of the evidence and the failure of the court to grant Richards' motion for a directed verdict of acquittal at the close of the state's evidence. Under Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and *Rolland v. State,* 235 Ga. 808 (221 SE2d 582) (1976), this enumeration is without merit.

(5) The court did not err in charging the jury as to flight since Richards' own statement contains the admission that when he left the Spivey trailer he "just wanted to get out of there," that he "ran down the road to my car" and that he "left there in my car and went back to my trailer on Georgia 225." The evidence thus authorized a charge on flight.

*Judgment affirmed. All the Justices concur, except Gregory, J., who concurs specially.*

DECIDED SEPTEMBER 9, 1983.

*Dean B. Donehoo,* for appellant.
*Stephen A. Williams, District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.

WELTNER, Justice, concurring.

I agree with the conclusion reached by the majority in the first division of the opinion, and write only to point out — once again — the danger of trial courts continuing to use the word "confession" in charges. "If the trial judges would avoid use of the word 'confession' in questionable cases and instead use the word 'admission' in each instance where they might otherwise use the word 'confession' or 'statement,' this entire problem would vanish." *Johnson v. State,* 242 Ga. 822, 825 (251 SE2d 563) (1979). See also *Golden v. State,* 250 Ga. 428 (4) (297 SE2d 479) (1982).

GREGORY, Justice, concurring specially.

I concur in the judgment and write only to point out that I would not base Division One of the majority opinion on a determination that the statement in question constitutes a confession. Rather, I believe the second basis upon which the majority rests its opinion is the proper basis. The mere incidental use of the word "confession," where the charge as a whole clearly considers the defendant's words to have been an admission or an incriminating statement, did not contribute to the verdict in this case. I join Justice Weltner in urging trial judges to eliminate the word "confession" from this particular charge since it adds nothing of help to the jury, and invariably raises the issue we face here.