40180. BURNEY v. THE STATE.

Marshall, Presiding Justice.

Jessie J. Burney appeals from his conviction of malice murder, for which he was sentenced to life imprisonment.

There was evidence adduced which would authorize the jury to find the following. On October 22, 1982, around 9:00 p.m., Helen Martin was sitting at the bar in the Sanabella Lounge in Atlanta. She had not been drinking. The victim, Eddie J. Anderson, came in and sat with her. While these two were talking, the appellant, also known as "Black," approached them and offered to sell marijuana. The appellant had come to the Sanabella Lounge with Jimmy Lee Terry. Once inside, Terry went to dance, while the appellant approached Anderson about the marijuana. Anderson asked the appellant about the quality of the marijuana before deciding about a purchase. The appellant offered to let him try one "joint." An argument ensued over the money for the marijuana. The appellant pulled out a .32 caliber, semi-automatic pistol, and shot Anderson three times. Both an eyewitness to the shooting and the appellant's companion, Terry, identified the appellant as the one having fired the fatal shots. After the shooting, the appellant left the club. Later, he bragged about the shooting, demonstrating to his family and friends how he had done it. A medical examiner determined the cause of death to be disruption to both lungs and the heart and loss of blood due to the three bullets. A firearms expert determined that all the bullets fired — those found in the victim's body and those found on the floor of the crime scene — were fired from the same weapon: a semi-automatic, .32 caliber pistol.

1. The trial court did not err, as contended in the first enumerated error, in allowing the prosecution to cross-examine state

witnesses Betty Arnold and Jimmy Terry after their testimony differed from their prior statements implicating the appellant in the murder and after they had repudiated the prior statements (copies of which were given to them in the trial) as having been made under duress. Where the witnesses had taken the stand and were subject to cross-examination, their prior inconsistent statements were admissible as substantive evidence as well as for impeachment purposes, even if the prosecution was aware of the prospect of changed testimony. *Ranger v. State,* 249 Ga. 315 (2) (290 SE2d 63) (1982); *Davis v. State,* 249 Ga. 309 (3) (290 SE2d 273) (1982); *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717) (1982). The issue of voluntariness of the original statements raised a question for jury decision as to which of the statements to accept, the state having presented evidence of their voluntariness. The mere fact that a statement of a nondefendant was coerced does not mandate exclusion. *Wilcox v. State,* 250 Ga. 745 (2, 4) (301 SE2d 251) (1983).

2. The trial court did not err, as contended in the second enumerated error, in admitting testimony that a search of the appellant's apartment revealed a number of small envelopes of marijuana similar to the one found on the victim's body, which the evidence shows he had obtained from the appellant. " 'Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant.' [Cits.]" *Owens v. State,* 248 Ga. 629, 630 (284 SE2d 408) (1981). Here, there was evidence that an argument over money in the sale of marijuana was the cause of the victim's death, and there was an issue as to the identity of the seller-killer. The testimony as to the envelopes found in the appellant's apartment was admissible as relevant to this issue, among others, even though it incidentally placed the defendant's character in issue, if indeed it had not already been placed in issue. *Boling v. State,* 244 Ga. 825 (5) (262 SE2d 123) (1979). The credibility of the testimony was a jury issue.

3. The third enumerated error is the trial court's refusal to direct the state to furnish the defense with a copy of witness Helen Martin's pretrial statement for purposes of cross-examination, defense counsel having made demands for such materials via pretrial written motions for discovery and for disclosure of impeaching information, and an oral request for this specific statement at trial.

Even where the state may be aware before trial of potential contradictions, a prior contradictory statement of a witness does not become impeaching, i.e., contradictory or exculpatory, until the witness testifies. *Gilreath v. State,* 247 Ga. 814 (7) (279 SE2d 650) (1981). " 'Brady [v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)

(1963)] does not require *pre-trial* disclosure of the materials.' [Cit.]" *Castell v. State,* 250 Ga. 776 (2) (301 SE2d 234) (1983). Where, as here, the trial court has conducted an in camera inspection of the prior contradictory statement and determined that it contained no matter which was exculpatory or of significance, and where defense counsel has been permitted adequate cross-examination of the witness, the defendant has not borne his burden of showing prejudice to his case resulting from the prosecution's refusal to turn over the statement. *Tribble v. State,* 248 Ga. 274 (280 SE2d 352) (1981); *Gilreath v. State,* supra; *Holton v. State,* 243 Ga. 312 (2) (253 SE2d 736) (1979).

This enumerated error is without merit.

4. The fourth enumerated error deals with the sufficiency of the evidence and the denial of the defendant's motion for a directed verdict of acquittal. Directed verdicts are authorized "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty' . . ." OCGA § 17-9-1(a) (Code Ann. § 27-1802). "Under Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and *Rolland v. State,* 235 Ga. 808 [, 812] (221 SE2d 582) (1976), this enumeration is without merit." *Richards v. State,* 251 Ga. 447 (4) (306 SE2d 302) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 19, 1984.

*Amy Jean Griffith, Susan E. Teaster,* for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General,* for appellee.