### 68033. FOWLER v. THE STATE.

BENHAM, Judge.

Appellant was found guilty of the armed robbery of a Gwinnett County service station/convenience store. After reviewing the record and transcript in light of appellant's enumerated errors, we affirm the judgment of conviction.

The service station attendant testified that a certain man entered her establishment three times during the day on February 6, 1983, and on his third visit was armed with a handgun and demanded money. She described the car in which the robber fled as a dark colored 1974 Monte Carlo with a faded license plate bearing the numeral "5" as its last digit. A City of Roswell police officer stopped the automobile appellant was driving because it matched the radio broadcast description of the suspect vehicle. The victim was brought to the stop site, where she identified appellant's companion as the perpetra-

tor of the armed robbery, the handgun found in the car's backseat as the one used in the commission of the crime, and the vehicle appellant was driving as the one which was driven away from the convenience store with the armed robber as a passenger.

The arresting officer testified that a wad of currency was found in appellant's shirt pocket and a bullet for the gun in his pants pocket. Appellant gave another officer a statement in which he denied participation in the armed robbery, admitted ownership of the gun found in the car's backseat, and stated that his passenger and co-indictee could not have removed the gun from the car without appellant's knowledge.

Willie Smith, the man identified by the victim as the perpetrator, testified on behalf of the State. He acknowledged his participation in the crime, but declared that he had acted at appellant's behest and had used appellant's gun. He stated that the robbery had occurred during appellant's and his third visit that day to the convenience store, and that he had given some of the stolen money to appellant.

Appellant testified in his own behalf and denied participating in the armed robbery. He admitted ownership of the handgun and stated that it was "not likely" that his co-indictee could have removed the weapon from the automobile without appellant's knowledge.

1. Appellant contends that his motion for a directed verdict of acquittal should have been granted since the testimony of his accomplice was not corroborated. See OCGA § 24-4-8. We disagree.

"Under [OCGA § 24-4-8], testimony of an accomplice must be corroborated by either another witness or by corroborating circumstances. The corroboration, however, need not be sufficient to warrant a guilty verdict or prove every material element of the crime; it need only tend to connect and identify the defendant with the crime charged. [Cit.]" *Whitfield v. State*, 159 Ga. App. 398 (6) (283 SE2d 627) (1981). Furthermore, appellant's testimony itself may furnish the corroboration. See *Franklin v. State*, 165 Ga. App. 518 (1b) (301 SE2d 656) (1983). The accomplice's testimony was corroborated in several details: the number of trips to the convenience store; the ownership of the gun; possession of ammunition for the gun; possession of a portion of the stolen money; and the accomplice's use of the gun, of which appellant likely was aware. In light of the fact that only slight evidence of corroboration connecting a defendant with the crime is necessary, the denial of the motion for directed verdict was not error. See *Quaid v. State*, 132 Ga. App. 478 (1) (208 SE2d 336) (1974).

2. During his cross-examination of one of the law enforcement officials, counsel for appellant produced a faded license plate which counsel asserted he had removed from his wife's automobile. An objection to the relevancy of the line of questioning was sustained, and

appellant now complains he was denied his right to a thorough and sifting cross-examination.

Every party has the right to a thorough and sifting cross-examination of the witnesses called against him. OCGA § 24-9-64. However, the trial court may restrict the scope of the cross-examination to matters relevant to the issues being tried, and the results of the exercise of that discretion will not be interfered with on appellate review unless the discretion was manifestly abused. *Clifton v. State*, 187 Ga. 502 (4) (2 SE2d 102) (1939); *McClure v. State*, 163 Ga. App. 236 (4) (293 SE2d 496) (1982). Since the widespread existence of faded Georgia license plates was not an issue in the case at bar, the trial court did not abuse its discretion in curtailing appellant's cross-examination of the witness.

3. During the examination of the police officer who took various photographs of appellant and his accomplice at the scene of their arrest, the officer stated that the accomplice was wearing a knit cap in one of the photographs because the victim had asked to see him wearing one in order to solidify her identification of him as the armed robber. Appellant contends that the officer should not have been allowed to testify about the contents of the conversation between the victim and the officer. The trial court admitted the testimony to explain the officer's conduct in placing the knit cap upon the accomplice's head.

"When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." OCGA § 24-3-2. In an effort to prevent an overly broad interpretation of OCGA § 24-3-2, the Supreme Court adopted the following standard: "When, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then information, conversations, letters and replies, and similar evidence known to the actor are admissible to explain the actor's conduct. [Cits.] But where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc., on which he or she acted shall not be admissible under [OCGA § 24-3-2]." *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982). The identity of the perpetrator of the armed robbery being relevant to the issues on trial, the trial court correctly admitted the officer's conversation with the victim in order to explain the officer's subsequent conduct. See *Cheney v. State*, 167 Ga. App. 757 (2) (307 SE2d 288) (1983). Compare *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984).

4. During his closing argument to the jury, counsel for appellant reminded the jury that appellant's accomplice had pleaded guilty but

had not yet been sentenced, and implied that the district attorney's office had engaged in deceptive practices with regard to the status of the accomplice. Appellant now takes issue with the trial court's ruling sustaining the assistant district attorney's objection to the remark.

" 'Counsel is permitted, in the sound discretion of the court, to argue all reasonable inferences and deductions which may be drawn from the evidence, however illogical they may seem to the opposite party. . . . What the law forbids is the introduction into a case by way of argument . . . facts which are not in the record and are calculated to prejudice a party and render the trial unfair.' " *McAllister v. State*, 157 Ga. App. 158 (4) (276 SE2d 669) (1981). The offending remark was not a reasonable inference or deduction drawn from the evidence. Therefore, the trial court did not err in sustaining the objection voiced.

5. Appellant maintains that the trial court erroneously instructed the jury on the law of flight, admissions, and parties to a crime.

(a) "[W]here the defendant departs the scene immediately after the incident, it is not error to . . . charge 'flight' of the defendant — for it is for the jury to determine if his sudden departure was due to consciousness of guilt or other reasons. [Cit.]" *Goodrum v. State*, 158 Ga. App. 602 (5) (281 SE2d 254) (1981).

(b) Appellant maintains that the charge on admissions was not supported by the evidence and that, even if it were so supported, the trial court's instruction that the jury "will" consider as evidence an admission which it determined to be voluntary and made with knowledge of the constitutional right being waived was error. We disagree on both points.

" 'An admission, as applied to criminal cases, is the avowal or acknowledgment of a fact or of circumstances from which guilt *may* be inferred, and only *tending* to prove the offense charged, but not amounting to a confession of guilt.' [Cit.]" *Pendergrass v. State*, 245 Ga. 626 (1) (266 SE2d 225) (1980). The statement in issue is one appellant gave to an officer in which he denied participation in the armed robbery but admitted ownership of the gun used and presence with his co-indictee at the scene. The jury was fully authorized to conclude that the statement made by appellant was an incriminatory admission.

Secondly, the trial court was correct in informing the jury that it was to consider appellant's statement as evidence should that body make certain prerequisite conclusions about the knowing and voluntary nature of the admission. See *Golden v. State*, 250 Ga. 428 (4) (297 SE2d 479) (1982); *Pendergrass v. State*, supra; *Johnson v. State*, 242 Ga. 822 (251 SE2d 563) (1979) (Hill, J. concurring).

(c) During its deliberations, the jury requested further instruction on appellant's culpability. The trial court reinstructed the jury

on the elements of armed robbery and the law of parties to a crime and mere presence. Appellant's contention that it was error to repeat the charge on parties to a crime is meritless. Recharging the jury on the points of law on which it sought guidance was not error. *Payne v. State*, 162 Ga. App. 739 (3) (293 SE2d 29) (1982).

6. Appellant also finds error in the trial court's failure sua sponte to instruct the jury on the law of impeachment of a witness. Appellant insists that the fact that his accomplice pled guilty to armed robbery is sufficient evidence to require a charge that the jury could determine the witness to be unworthy of belief since he had been convicted of a crime of moral turpitude.

Overlooking, for the moment, the fact that appellant had not submitted a written request for such an instruction, we note that the evidence presented during the trial did not support the giving of the charge. "[T]o impeach a witness by a prior conviction the conviction must be proved by the record of conviction itself, not by cross-examination. [Cits.]" *Timberlake v. State*, 246 Ga. 488 (6) (271 SE2d 792) (1980). Even if appellant's entry of a plea of guilty constitutes a conviction for purposes of impeachment, the absence of the record of conviction resulted in an absence of evidence supportive of the instruction.

7. While in the midst of its deliberations, the jury returned to the courtroom and asked to have a portion of the victim's testimony read to the jury. The trial court ordered the court reporter to read the victim's testimony, in its entirety, to the jury, and appellant voiced an objection.

"It has been recognized for more than 100 years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations. [Cits.] 'A trial judge may, in his discretion, on request from the jury, recall a witness and allow him to restate what he swore when he was previously on the stand, or he may require the official court stenographer to read the testimony of a witness.' [Cits.]" *Byrd v. State*, 237 Ga. 781 (1) (229 SE2d 631) (1976). The trial court's actions were not error.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 21, 1984 —
REHEARING DENIED JULY 9, 1984 —

*G. Hughel Harrison, Samuel H. Harrison,* for appellant.
*W. Bryant Huff,* District Attorney, *Genevieve L. Frazier, Johnny R. Moore,* Assistant District Attorneys, for appellee.