75320. MATTOX v. THE STATE.
(366 SE2d 158)

POPE, Judge.

James A. Mattox was indicted for murder but convicted of voluntary manslaughter in the shooting death of his wife. Defendant enumerates fourteen errors, none of which have merit.

1. Construed most strongly in favor of the verdict, the evidence of record is such that any rational trier of fact could have found defendant guilty of voluntary manslaughter beyond a reasonable doubt. See *Thomas v. State*, 141 Ga. App. 192 (233 SE2d 41) (1977); *Nolen v. State*, 124 Ga. App. 593 (184 SE2d 674) (1971); see also *May v. State*, 146 Ga. App. 416 (3) (246 SE2d 432) (1978). The trial court did not err in denying defendant's motion for directed verdict. *Holt v. State*, 157 Ga. App. 405 (1) (278 SE2d 59) (1981).

2. The trial court gave the following charge on the law relating to incriminatory statements: "A confession is direct evidence, but an incriminatory statement is indirect or circumstantial evidence and it must exclude every other reasonable theory except that of the guilt of the accused. If you find that the defendant made an incriminatory

statement with reference to any of his acts or conduct, the Court instructs you that an incriminatory statement, applied to a criminal statement, is one made by a defendant of a fact or facts pertinent to the issue or tending, in connection with other facts and circumstances, to prove the guilt of the accused or to disprove some defense set up by the accused. An incriminatory statement will not of itself authorize a conviction and before you would be authorized to convict, there must be other proven facts and circumstances which satisfy your mind beyond a reasonable doubt of the guilt of the accused. All incriminatory statements must be scanned with great caution. They must also have been freely and voluntarily made without the slightest hope of benefit or the remotest fear of injury and if not thus made, they cannot be considered. I charge you further that if the defendant made an incriminatory statement, but such statement was accompanied by explanations or declarations which showed excuse, justification or mitigation tending to justify his acts or conduct, then no presumption of the defendant's guilt would arise." Defendant contends that the last sentence of the foregoing charge is unconstitutionally burden-shifting. That is, although this charge is termed in the negative, a reasonable juror could infer that the reverse of the charge is true, viz., that in the absence of an explanation by defendant showing excuse, justification or mitigation, a presumption of guilt would arise.

We find the language complained of, when considered in isolation, could potentially be construed as burden-shifting and, thus, disapprove of its use.[1] See, e.g., *Noggle v. State*, 256 Ga. App. 383 (4) (349 SE2d 175) (1986). " 'If a specific portion of the jury charge, considered in isolation, could reasonably have been understood as creating a presumption that relieves the State of its burden of persuasion on an element of an offense, the potentially offending words must be considered in the context of the charge as a whole. Other instructions might explain the particular infirm language to the extent that a reasonable juror could not have considered the charge to have created an unconstitutional presumption. (Cit.) This analysis "requires careful attention to the words actually spoken to the jury . . . , for whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction." *Sandstrom [v. Montana*, 442 U. S. 510, 514 (99 SC 2450, 61 LE2d 39) (1979).]' " *Melton v. State*, 175 Ga. App. 472, 474 (333 SE2d 682) (1985), quoting *Francis v. Franklin*, 471 U. S. 307, 315 (105 SC 1965, 85 LE2d 344) (1985); see also *Flannigan v. State*, 139 Ga. App. 590 (1) (229 SE2d 98) (1976).

---

[1] Substituting the term "inference" in lieu of the term "presumption" would appear to cure this infirmity. See *Wilson v. Jones*, 251 Ga. 23 (302 SE2d 546) (1983).

Assuming arguendo that a reasonable juror could potentially have interpreted the subject language as creating an unconstitutional presumption, we find no prejudice to defendant's substantial rights under the circumstances in this case. The trial court thoroughly and correctly charged the jury as to the burden of proof in a criminal case. More importantly, however, the record evidence shows without dispute that defendant's incriminatory statement was accompanied by an explanation excusing culpability, viz., that the shooting was accidental. Therefore, we find no basis for a reasonable juror in this case to have interpreted the questioned charge as creating an unconstitutional presumption. It is clear to us beyond a reasonable doubt that any error in this regard did not contribute to the verdict of guilty and thus was harmless. See *Lewis v. State*, 180 Ga. App. 890 (2) (351 SE2d 100) (1986); *Rose v. Clark*, 478 U. S. ___ (106 SC 3101, 92 LE2d 460) (1986); see also *Williams v. Kemp*, 255 Ga. 380 (338 SE2d 669), cert. den., 92 LE2d 744 (1986).

3. Under the circumstances in this case, we find no error in the trial court's ruling that defendant voluntarily consented to the warrantless search of his residence. See *Dean v. State*, 250 Ga. 77 (2a) (295 SE2d 306) (1982).

4. Defendant's unsupported assertion that he "believes" that the State's case file contains certain exculpatory information "which would have been helpful to him in his defense and which was not furnished to him during the course of the trial" provides no basis for reversal of his conviction. See, e.g., *Wallin v. State*, 248 Ga. 29 (6) (279 SE2d 687) (1981); *Baker v. State*, 245 Ga. 657 (3) (266 SE2d 477) (1980); see also *Barnes v. State*, 157 Ga. App. 582 (2) (277 SE2d 916) (1981).

5. We find it highly probable that, in light of the charge as a whole, the trial court's incidental use of the word "confession" in its jury instructions relating to incriminatory statements (see Division 2, supra) did not contribute to the verdict in this case. E.g., *Richards v. State*, 251 Ga. 447 (1) (306 SE2d 302) (1983); *Golden v. State*, 250 Ga. 428 (4) (297 SE2d 479) (1982), cert. den., 460 U. S. 1046 (1983).

6. We find no error in the trial court's striking, sua sponte, a question by defense counsel to defendant's daughter, and her answer thereto, concerning her opinion as to defendant's intent in shooting the victim. See *Boyce v. State*, 184 Ga. App. 578 (3) (362 SE2d 229) (1987).

7. Defendant's remaining enumerations of error are either not supported by proper objection or not supported by the record on appeal and thus provide no basis for reversal.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

Decided January 26, 1988 —
Rehearing denied February 12, 1988 —

*John R. Calhoun*, for appellant.
*Spencer Lawton, Jr., District Attorney, J. Clayton Culp, Assistant District Attorney*, for appellee.