## A90A0527. BARTLETT v. THE STATE.
(396 SE2d 31)

POPE, Judge.

Defendant Charles Franklin Bartlett was convicted of two counts of child molestation. He appeals the denial of his motion and amended motion for new trial. We affirm.

1. In his first four enumerations of error defendant contends the trial court erred in denying his pre- and post-trial motions for an in-camera inspection pursuant to *Pennsylvania v. Ritchie*, 480 U. S. 39 (107 SC 989, 94 LE2d 40) (1987) and in refusing to conduct an in-camera examination of Dr. Joseph Peek, a psychologist who had at one time counseled the victims (defendant's girl friend's daughters), and who testified on defendant's behalf at trial. We find no error. Although it was contended that Dr. Peek's communications with the victims (which occurred *prior* to the incidents alleged in the indictment) and their mother were privileged pursuant to OCGA § 24-9-21, the trial court granted defendant's pre-trial motion to conduct an in-camera inspection of Dr. Peek's files and entered an order stating that no exculpatory materials had been found. Although the trial court subsequently denied defendant's post-trial motion to re-inspect the files for *impeaching information*, the court did so on the basis that it had previously examined the files for both exculpatory and impeaching information. The trial court also noted in its order that it was "aware that its duty to disclose is on-going. If the court became aware that any materials originally deemed immaterial had become important as the proceedings progressed, counsel for defendant would have been furnished with these materials." Nevertheless, defendant asserts on appeal that we should again undertake a review of Dr. Peek's files, presumably in a quest for information that would impeach the testimony of the victims, although defendant does not assert knowledge that Dr. Peek's files, in fact, contain such information. This we decline to do. "According to *Pennsylvania v. Ritchie*, the defendant is entitled to an in-camera inspection by the trial judge to determine what, if any, material information should be released as useful to the defense." *Sosebee v. State*, 190 Ga. App. 746, 749 (380 SE2d 464), *cert. denied*, 110 SC 323 (1989). Here the trial court conducted such an examination and found no material which was exculpatory or impeaching. That does not mean, however, that the trial court failed to conduct properly its examination of the files, and there is nothing in the record to suggest that the examination was not properly undertaken in this case. Under these circumstances, "[defendant] has no

grounds to appeal the trial court's review of the . . . file, much less to ask this court to call up the file and examine it . . . ." *Barnes v. State*, 157 Ga. App. 582, 589 (277 SE2d 916) (1981).

Likewise, we find no merit to defendant's contention that the trial court also should have conducted an in-camera examination of Dr. Peek, as well as Dr. Peek's files. Relying on *Bobo v. State*, 256 Ga. 357 (349 SE2d 690) (1986), defendant argues that this case should be remanded for an "in camera examination of Dr. Peek for discovery of his findings and any statements made by [the victims] to him material to the issues on trial." *Bobo v. State*, however, specifically prohibits the kind of "fishing expedition" defendant wishes the trial court to embark on here. Id. at 360. Thus we decline defendant's request to remand the case for this purpose.

2. In his next four enumerations of error defendant contends the trial court erred in the manner in which it conducted its in-camera examination of the State's and Department of Family & Children Services' files pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), and in denying his renewed and post-trial *Brady* motions. Defendant requests that this court undertake an independent examination of these files. As stated in Division 1, supra, the trial court informed defendant it had provided him with all material of an exculpatory or impeaching nature, and clearly indicated it realized its obligation in this regard was on-going throughout the trial. "The trial judge's discretionary ruling on the lack of exculpatory [or impeaching] matter in the [relevant files] established that as a fact absent a counter-showing. We will not call up the [S]tate's files for review unless the [defendant] can show cause, by showing that particular evidence was suppressed which was material." (Citations and punctuation omitted.) *Upshaw v. State*, 172 Ga. App. 671, 672 (324 SE2d 529) (1984). See also *Barnes v. State*, supra.

3. Lastly, defendant contends the trial court erred in charging the jury, upon request by the State, as follows: "I charge you that a single count of an indictment may charge in [sic] commission of the offense in different ways. According [sic] on the trial of a defendant under an indictment charging the defendant with the commission of the offense in different ways, it is not necessary for the State to prove all such separate ways or methods alleged in the indictment; but the State makes a prima facie case upon it's [sic] establishment by proof of any one of them." Although defendant concedes that the charge as given was a correct statement of the law as it pertains to the ability of the State to withstand a motion for directed verdict, he argues it was improper to so instruct the jury, because the charge may have misled the jury as to the applicable burden of proof. Pretermitting the question of whether the trial court erred in giving the complained of portion of the charge, we find no grounds for reversal here. "The charge

to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same." (Citations and punctuation omitted.) *Sharp v. State*, 192 Ga. App. 353, 354 (2a) (385 SE2d 23) (1989). Accord *Cordova v. State*, 191 Ga. App. 297, 298 (3) (381 SE2d 436) (1989). Here the trial court thoroughly and accurately charged the jury regarding presumptions of innocence, burdens of proof and reasonable doubt. "It is clear to us beyond a reasonable doubt that any error in [the charge] did not contribute to the verdict of guilty and thus was harmless. [Cits.]" *Mattox v. State*, 185 Ga. App. 787, 789 (2) (366 SE2d 158) (1988).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JULY 2, 1990.

*Douglas N. Peters*, for appellant.

*Robert F. Mumford*, District Attorney, *William F. Todd, Jr.*, Assistant District Attorney, for appellee.