A97A2009. AUTRY v. THE STATE.
A97A2010. HOLLOWAY v. THE STATE.
(498 SE2d 304)

BIRDSONG, Presiding Judge.
Christopher Autry and Jason Lee Holloway were tried together and convicted of aggravated assault with intent to rob and aggravated battery, for their violent and vicious assault upon a woman who was standing at the entrance to a store in a shopping center. The 71-year-old woman and her daughter were standing at a drink dispenser when the woman was struck on the right side of her face by someone who took her purse as she fell. She was knocked unconscious. Her injuries included a broken shoulder, a ruptured sinus, spinal damage and cracked teeth. Her daughter was walking towards the parking lot, but, hearing the victim scream, she turned around and saw two young men pulling her mother down by her purse. The two men took off running when the daughter screamed; she then saw her mother lying motionless in a pool of blood. A store manager who was standing nearby heard the screaming and saw a couple of "figures" running across the parking lot whom he recognized as two young men who had walked by him not five minutes earlier. He ran into the parking lot, saw the two figures getting in a car, and asked

---

them what was happening. Both Autry and Holloway responded that they had not done anything. The man who was later identified as Christopher Autry had the woman's purse but threw it in the store manager's direction. The store manager managed to grab Holloway, but Autry ran away. He was later captured and was identified by the store manager. A girl who had been with Autry and Holloway before the assault on the victim testified to the conversations between Autry and Holloway about getting money in a way that was not going to be "right" and that she and another friend let them out of her car in the parking lot and waited for them; she saw them running to the car and she saw Holloway get caught. She drove away to pick up Autry after he ran; when she found him, he said he had "snatched" an old lady's purse.

Following the denial of their motions for new trials, Autry and Holloway filed separate appeals which we have consolidated for disposition. Holloway contends the evidence was insufficient to support the convictions against him because, although he was with Autry before the aggravated assault and robbery and there is no doubt that he was one of the two figures seen running across the dark parking lot of the shopping center after the assault, nevertheless only one witness, the victim's daughter, connected Holloway to the assault on her mother. Autry enumerates four errors including the insufficiency of the evidence, the admission of "gruesome" color photographs of the injured victim which were inflammatory and were also cumulative, and the denial of his motion for severance or separate trial. *Held*:

### Case No. A97A2009

1. We have examined the evidence and find it sufficient to enable a rational trier of fact to find Autry guilty of the offenses of which he was convicted, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The credibility of the witnesses and the weight to be given the evidence are the sole province of the jury (*King v. State*, 224 Ga. App. 400 (480 SE2d 385)), and it is not for appellant or this Court to decree which witness is credible and whose testimony is consistent, self-serving or less weighty.

2. The trial court did not err in admitting color photographs of the assault victim showing her injuries. These photographs were evidence to the issue of aggravated battery. The complaint that photos of the injured victim are "inflammatory" or "cumulative" of other evidence is not a ground to exclude them from evidence. OCGA § 16-5-24 as alleged in the indictment required proof that the victim had been "severely disfigured" as a result of the malicious attack. Photographs which are relevant to any issue in the case are admissible although they will have an effect upon the jury which the defendant feels is damaging to him; jurors are generally deemed to have normal common sense, and in these cases, on these records, we do not well

receive the suggestion that the jury will convict a defendant of a crime merely because they have seen the true extent of the victim's injuries. Photographs showing a severely injured victim may, however gruesome, be relevant to the trial of her alleged assailant and they are not objectionable merely because there is other evidence of the severity of those injuries. *Bullard v. State*, 263 Ga. 682 (436 SE2d 647); *McGee v. State*, 260 Ga. 178 (391 SE2d 400); *Richards v. State*, 251 Ga. 447 (306 SE2d 302); *Brown v. State*, 250 Ga. 862 (302 SE2d 347); *Marks v. State*, 210 Ga. App. 281 (435 SE2d 703); *Lewis v. State*, 180 Ga. App. 369 (349 SE2d 257).

3. Whether to sever the trials of co-defendants is a matter of discretion with the trial judge, and we will not disturb that discretion unless it has been abused. OCGA § 17-8-4; *Causey v. State*, 192 Ga. App. 294 (384 SE2d 674). To be entitled to a severance, the appellant must have made a clear showing of prejudice resulting from joinder of these trials amounting to denial of due process, rather than the mere possibility that a separate trial would improve appellant's chance of acquittal. *Tanner v. State*, 176 Ga. App. 77 (335 SE2d 133). Considering particularly the evidence in this case, which showed without strong dispute that Autry was the person who was most active in the crimes against the victim while his co-defendant's participation was less strongly remarked, there was no denial of due process in the joinder of these trials either from confusion of evidence, antagonistic defenses or unfair implication as to Autry of acts committed by his co-defendant. See *Murphy v. State*, 246 Ga. 626 (273 SE2d 2).

### Case No. A97A2010

4. Jason Lee Holloway's sole complaint is of the sufficiency of the evidence to sustain his convictions of the offenses. We have reviewed the evidence and find it fully sufficient to persuade a rational trier of fact, beyond a reasonable doubt, of Holloway's full guilty participation in the offenses of which he was convicted. *Jackson v. Virginia*, supra.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED FEBRUARY 26, 1998.

*Thurmond, Mathis & Patrick, Adrian L. Patrick, David T. Wooten*, for appellant (case no. A97A2009).

*Pete, Pete & Associates, Anthony T. Pete, Janet S. Willy, Thomas J. Killeen*, for appellant (case no. A97A2010).

*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney*, for appellee.