## 43908. HENDERSON v. THE STATE.
(350 SE2d 236)

GREGORY, Justice.

Marjorie Lean Henderson was convicted of the felony murder of James Allen Robinson and sentenced to life imprisonment.[1] On ap-

---

[1] The defendant was convicted of felony murder on August 22, 1985, and sentenced to

peal she argues only that the evidence is not sufficient to meet the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence shows that on April 10, 1985, the victim, defendant, and several other persons gathered at the home of Woodrow Slay. All in attendance were drinking vodka. At some point the victim invited the defendant to go to bed with him; when she refused he began cursing at her and an argument followed. The defendant and victim continued their argument in Slay's kitchen where the victim threw the hot contents of a frying pan at the defendant.[2] It is undisputed that the defendant then drew a knife from her blouse and stabbed the victim numerous times. The defendant thereafter left Slay's house and disposed of the knife in a sewer near her mother's home. Following her arrest the defendant admitted she stabbed the victim and led police to this location, but the knife was not recovered. There were no eyewitnesses to the stabbing other than the victim and defendant.

The victim died as a result of loss of blood from the stab wounds.

At trial the defendant testified she stabbed the victim in self-defense in the belief that he was reaching into his pocket for a weapon. There was some evidence to show that the victim had threatened the defendant with a knife earlier that same day. The defendant testified that while she had meant to "hurt" the victim, she had not intended to kill him.

The offense of felony murder occurs when the perpetrator causes the death of another human being, without regard to malice, while in the commission of a felony. OCGA § 16-5-1 (c). The State alleged that the defendant caused the death of James Robinson while committing the felony of aggravated assault. OCGA § 16-5-21. We have studied the record in this case and conclude that a rational trier of fact could have found the defendant guilty of the crime of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 1986.

*John W. Davis,* for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney, Michael J. Bowers, Attorney General, J.*

---

life imprisonment that same day. Her motion for new trial was filed September 18, 1985. The trial transcript was certified by the court reporter on October 3, 1985. The motion for new trial was denied on August 12, 1986 and the case was docketed in the Court of Appeals on September 18, 1986. The case was transferred to this court on September 24, 1986, and submitted to us on briefs on November 7, 1986.

[2] It is undisputed that after leaving Slay's home the defendant submitted herself for treatment of facial and neck burns at the emergency room of a local hospital.

*Michael Davis, Assistant Attorney General,* for appellee.