## A01A1229. MAXWELL v. THE STATE.
(552 SE2d 870)

BARNES, Judge.

Amelia Ann Maxwell appeals from her possession of a destructive device and aggravated battery convictions, contending: (1) the weight of the evidence favored the defendant; (2) the trial court erred by admitting gruesome and cumulative photos of the victim's injuries; (3) the trial court erred when it refused to allow the defense to impeach a State witness with previous misdemeanor convictions; (4) the trial court erred when it charged on a lesser included offense over defendant's objection; and (5) the trial court erred in its recharge of the jury. For reasons that follow, we find no merit in any of these enumerations.

1. In her first enumeration of error, Maxwell contends the weight of the evidence was in her favor because she testified that she acted in self-defense and never intended to harm the victim.

> As an appellate court, we do not weigh the evidence, judge the credibility of witnesses or resolve conflicts in trial testimony when the sufficiency of the evidence is challenged.

Instead, we determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the jury's verdict will be upheld.

(Citation, punctuation and footnotes omitted.) *Brinson v. State*, 245 Ga. App. 411, 412-413 (1) (537 SE2d 795) (2000).

Viewed in the light most favorable to the verdict, the record shows that the appellant and the female victim fought outside a club in the early morning hours. The appellant testified that this fight resulted from the victim throwing a drink in her face. Later that day, the appellant, who was accompanied by her sister, saw the victim standing beside a car at a gas station. Her sister approached the victim and swung at her with a baseball bat. When the victim caught the bat, the appellant's sister told the appellant to "go ahead." The appellant lit a Molotov cocktail and threw it directly at the victim. The bottle landed between the victim's legs and caused extensive burn injuries to them. The appellant admitting making and throwing the Molotov cocktail, but claimed she threw it down to scare the victim away because the victim was threatening her with a knife. The victim denied having a weapon.

We find this evidence sufficient to support the appellant's convictions under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in admitting color photographs showing the victim's injuries. These photographs depicted the victim's injuries shortly after they were inflicted and shortly before trial to show the permanence of the victim's injuries. Because appellant was indicted for aggravated battery, the State was required to prove that the appellant severely disfigured the victim. See OCGA § 16-5-24 (a).

Photographs which are relevant to any issue in the case are admissible although they will have an effect upon the jury which the defendant feels is damaging to him; jurors are generally deemed to have normal common sense, and in these cases, on these records, we do not well receive the suggestion that the jury will convict a defendant of a crime merely because they have seen the true extent of the victim's injuries. Photographs showing a severely injured victim may, however gruesome, be relevant to the trial of her alleged assailant and they are not objectionable merely

because there is other evidence of the severity of those injuries.

(Citations omitted.) *Autry v. State*, 230 Ga. App. 773, 774-775 (2) (498 SE2d 304) (1998).

3. Appellant asserts the trial court erred by refusing to allow her to impeach a State's witness with her previous misdemeanor convictions of criminal trespass and criminal damage to property. We find no merit in this enumeration. Witnesses may be impeached with "evidence of a conviction for a crime involving moral turpitude." *Barker v. State*, 211 Ga. App. 279, 280 (4) (438 SE2d 649) (1993). Because criminal trespass and criminal damage to property are not crimes of moral turpitude, the trial court did not err. Id.

4. Appellant contends the trial court erred when it charged the jury, over appellant's objections, on the lesser included offenses of aggravated assault and simple battery. She further contends the jury convicted her of committing simple battery. We find no merit in this enumeration because the record shows she was indicted for committing aggravated battery and convicted of committing aggravated battery. The record further shows that the trial court did not charge the jury on simple battery.

5. In her remaining enumeration of error, appellant complains that the trial court failed to properly recharge the jury. The record shows that the trial court initially charged the jury on aggravated battery and the lesser included offense of aggravated assault. During its deliberation, the jury asked the trial court to charge again "in reference to the difference between battery and assault." Appellant's counsel objected to the trial court recharging the jury on *aggravated* battery and *aggravated* assault because the jury asked to be charged on only "battery" and "assault." The trial court questioned the foreperson of the jury and determined that the jury wanted a recharge of aggravated battery and aggravated assault. We find no merit in this enumeration.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 17, 2001.

*Orin L. Alexis*, for appellant.

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.