## S03A1257. BOYNTON v. THE STATE.
(587 SE2d 3)

THOMPSON, Justice.

Defendant Nicole Boynton was convicted of felony murder, predicated on the underlying felony of aggravated assault, in connection with the stabbing death of her boyfriend, Ronnie Moss.[1] She appeals asserting, inter alia, the trial court erred in failing to instruct the jury on the law of accident. Finding no error, we affirm.

Boynton and Moss lived together with their nine-month-old baby. On the day in question, the couple quarreled and their quarreling escalated into a fight. The fight was interrupted when several young girls, who heard the commotion, knocked on the door. Moss answered, assured the girls that everything was all right, and closed the door. In the meantime, Boynton went into the kitchen, grabbed a steak knife and confronted Moss, holding the knife overhead. Moss

---

[*] *Allen v. Thomas,* 265 Ga. 518, 519-520 (458 SE2d 107) (1995).

[1] Moss was killed on September 30, 1999, and Boynton was indicted on December 20, 2001, on charges of malice murder, felony murder predicated on aggravated assault, as well as a separate incident of aggravated assault upon Moss. The trial concluded on November 15, 2002, and the jury returned its verdict finding Boynton guilty of felony murder and aggravated assault. Boynton was sentenced to life in prison for felony murder and a concurrent five-year term for aggravated assault. Boynton's timely filed motion for new trial was denied on April 15, 2003, and Boynton filed a notice of appeal on April 24, 2003. The case was docketed in this Court on May 7, 2003, and submitted for decision on briefs on June 30, 2003.

approached her and grabbed her arm. In the course of the ensuing struggle, Boynton plunged the knife deep into Moss' chest.

Boynton called 911 and an ambulance rushed to the scene. But it was too late to save Moss.

An autopsy revealed a number of superficial knife wounds to Moss' chest, as well as a single deep penetrating wound to the heart. Moss died as a result of that single wound.

1. The evidence was sufficient to enable any rational trier of fact to find Boynton guilty beyond a reasonable doubt of felony murder and aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Henderson v. State*, 256 Ga. 486 (350 SE2d 236) (1986). See also *Mitchell v. State*, 275 Ga. 42, 43 (2) (561 SE2d 803) (2002).

2. In its original charge, the trial court instructed the jury on the law of felony murder, aggravated assault, justification and accident. In the midst of deliberations, the jury sought further guidance on the law of felony murder. Thereupon, the trial court recharged the jury on felony murder and justification. Noting that Boynton's actions appeared to be intentional, the trial court declined to recharge the jury on accident. Boynton asserts the trial court's failure to recharge on accident was harmful error. We disagree.

When a jury requests additional instructions on a point of law, the trial court in its discretion can recharge in full or limit its recharge to the scope of the jury's request. *Duffie v. State*, 273 Ga. 314, 316 (540 SE2d 194) (2001); *Appling v. State*, 256 Ga. 36, 38 (2) (343 SE2d 684) (1986). It does not abuse its discretion by refusing to recharge affirmative defenses when the jury seeks a recharge on the elements of an offense. *Hobson v. State*, 266 Ga. 638, 639 (469 SE2d 188) (1996). See also *Appling v. State*, supra (refusal to recharge on accident not error when jury seeks recharge on felony murder and involuntary manslaughter).

The trial court did not abuse its discretion by refusing to recharge on accident inasmuch as the jury did not seek a recharge on that point of law. Simply put, the recharge addressed, and was adjusted to, the jury's recharge request. *Hobson v. State*, supra.

3. "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a defendant's statement at a *Jackson v. Denno* hearing will be upheld on appeal. [Cit.]" *Grier v. State*, 273 Ga. 363, 365 (541 SE2d 369) (2001). At a *Jackson-Denno* hearing, the State established that before Boynton gave a videotaped statement to the police, she was advised of her *Miranda* rights on two occasions; and that she acknowledged verbally and in writing that she understood her rights. Thus, it cannot be said that the trial court erred in ruling that the videotaped statement was admissible. *Edge v. State*, 275 Ga. 311, 312

(567 SE2d 1) (2002).
*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003.

*Olmert, Hunnings & Hasty, Jason R. Hasty*, for appellant.
*Patrick H. Head, District Attorney, Timothy B. Lumpkin, Amy H. McChesney, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.