A04A0743. DYE v. THE STATE.
(598 SE2d 95)

BLACKBURN, Presiding Judge.
Following his conviction by a jury of armed robbery and the denial of his motion for new trial, Richard C. Dye appeals, arguing that the evidence was insufficient to support his conviction, and that his trial counsel rendered ineffective assistance. For the reasons set forth below, we affirm.

1. Dye contends that the evidence was insufficient to support his conviction.

> As an appellate court, we do not weigh the evidence, judge the credibility of witnesses or resolve conflicts in trial testimony when the sufficiency of the evidence is challenged. Instead, we determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. As long as there is some evidence, even though contradicted, to support each necessary element of the State's case, the jury's verdict will be upheld.

*Maxwell v. State.*[1]
Viewed in this light, the evidence shows that on the night of August 9, 1995, Dye and co-defendant Jarvis Hall entered Spike's Mini Mart. Dye, who was armed with a .25 caliber semi-automatic

---

handgun, ordered the store clerk, Cecelia Franklin, to lie down on the floor. At the same time, Hall jumped over the counter to the cash register. Dye and Hall tried without success to open the cash register, banging on the keys and, finally, shooting it. Still unable to open the register, they fled with it, finally dropping it on a path leading to a nearby housing project.

Franklin told the police that both robbers were black males, one wearing a white tee shirt and the other a black tee shirt. She recognized Dye as the son of a co-worker, Willie Mae Willis, whom she often had seen in the store. When presented with a photographic lineup, she immediately identified Dye as Willis's son and the person who had held her at gunpoint. She also positively identified Dye in court.

Two statements made by Dye were admitted into evidence. In the first statement, he denied any involvement in the armed robbery. In the second statement, given after Willis, who was with him at the police station, urged him to tell the truth, Dye admitted that he had robbed the Mini Mart with a .25 caliber handgun. This evidence was sufficient to allow a rational trier of fact to find Dye guilty beyond a reasonable doubt of the crime of armed robbery.

2. Dye argues on numerous grounds that he did not receive effective assistance from his trial counsel.

> The burden is on [Dye] to establish that he received ineffective assistance of counsel. To establish a claim of ineffective assistance of trial counsel, the defendant must show that counsel's performance was deficient and the deficient performance prejudiced the defense. In determining prejudice, the question is whether, without the errors of counsel, there is a reasonable probability that the jury would have had a reasonable doubt of guilt. As always, there is a strong presumption that trial counsel's assistance was adequate and that counsel's decisions were made within the bounds of reasonable professional judgment. A charge of ineffective assistance of counsel is not judged by a standard of errorless counsel or by hindsight, but rather whether counsel rendered reasonably effective assistance; there is a critical distinction between inadequate preparation and unwise choices of trial tactics and strategy, which are not to be judged by hindsight or result.

(Citations and punctuation omitted.) *Craft v. State.*[2]

---

[2] *Craft v. State*, 254 Ga. App. 511, 520-521 (13) (563 SE2d 472) (2002).

The trial court's findings will be upheld unless they are clearly erroneous. *Craft*, supra at 521.

(a) Dye argues that trial counsel was ineffective because he failed to file any pre-trial motions. Specifically, Dye complains of counsel's failure to file a motion to sever and a motion seeking discovery.

As to the motion to sever, the record shows that Dye's co-defendant had filed a motion to sever and that Dye's trial counsel eventually joined in this motion. According to Dye, the trial court denied the motion to sever because his trial counsel was unable to state legal reasons for joining in the motion. First,

the decision not to file a motion to sever is a matter of trial tactics and the fact that such a motion was not filed does not require a finding that trial counsel was ineffective. A defendant must do more than raise the possibility that separate trials upon the charges against him would have provided him a better chance of acquittal. Such a defendant must make a clear showing of prejudice proximately causing a denial of due process.

(Citations and punctuation omitted.) *Bogan v. State*.[3] In his brief, Dye asserts that "[h]ad trial counsel been prepared to file and/or defend his motion to sever, the trial judge may have granted the motion for a separate trial as there did exist a legal basis for the granting of such a motion in this matter." "[S]uch speculation raises no more than a mere possibility, a showing which is insufficient in these circumstances" to support a claim of ineffective assistance of counsel. Id.

As to the motion for discovery, trial counsel testified at the hearing on the motion for new trial that he was appointed as defense counsel just two months before trial and that at the time he entered the case, he had already received discovery from the State as the result of a motion filed by Dye's previous counsel. The failure to make an unnecessary motion cannot constitute deficient performance.

Dye points out that nothing in the record shows what documents the State turned over to trial counsel, and that counsel stated at the new trial hearing that he did not receive a copy of Dye's statement and did not know of the photographic lineup prior to trial. Dye asserts that "had counsel filed motions and demanded the discovery and been provided with the same at least ten (10) days before trial, he would have been able to prepare better and the outcome of the trial could have been altered." Again, "[s]uch speculation cannot serve as the

---

[3] *Bogan v. State*, 249 Ga. App. 242, 245 (2) (b) (547 SE2d 326) (2001).

basis of an ineffectiveness claim." *Whited v. State.*[4]

(b) Dye contends that he did not receive effective assistance of counsel because trial counsel failed to seek suppression of the statement he gave and of his photographic lineup identification. "When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." *Richardson v. State.*[5]

During trial, the court held a lengthy *Jackson-Denno* hearing into the circumstances of both Dye's and Hall's confessions. Testimony at that hearing established that Dye was informed of his *Miranda* rights, and that he responded to, and appeared to understand, the police officer's questions regarding those rights. His behavior was normal, his speech was coherent, and he did not appear to be under the influence of alcohol or drugs. He could read and write, and he was not promised a benefit, or threatened or coerced.

Dye's trial counsel cross-examined the police officer about the giving of the statements, but, at the conclusion of his cross-examination, did not move to suppress the statements. Trial counsel testified at the hearing on the motion for new trial that he did not think he could keep the statement out because both Dye and his mother had signed the statement.

Testimony concerning the circumstances of Hall's confession were to the same effect. However, Hall's trial counsel challenged the admissibility of his statement. He called to the stand Hall's sister, who stated that she was present during Hall's interrogation. She testified that the police officer read Dye's statement to her brother before he was advised of his *Miranda* rights, that Hall never gave a statement to the police, and that Hall had not signed the statement. She also stated that at the conclusion of the interview, the police officer told Hall he would probably only get probation and that he could help him get bond.

Hall also testified at the *Jackson-Denno* hearing, saying that the police officer had told him that Dye had already confessed and asked him if he wanted to confess. Hall's response was, "Whatever." Hall said he gave no statement to the police and said that the signature on the paper was not his. He also claimed that the police officer said he was going to get him probation and help him get bond and find a job if he confessed.

After the hearing, the trial court overruled Hall's objections and held that the statements given by Dye and his co-defendant had been

---

[4] *Whited v. State*, 258 Ga. App. 195, 200 (6) (573 SE2d 449) (2002).
[5] *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003).

made freely and voluntarily. In light of the requirement that Dye make a strong showing that the statement would have been suppressed had his counsel made the motion, the fact that the objections Dye now raises are substantially the same as those raised by Hall at trial, and the fact that those objections were overruled by the trial court, we conclude that Dye has not shown that the outcome of his trial would have been different if trial counsel had raised these issues.

We also find that trial counsel was not deficient for failing to move to suppress the photographic lineup identification because Dye has shown no basis upon which to have the identification suppressed. The photographic lineup consisted of two cards with the photographs of six young black males on each card. The lineup was shown to the victim on the day after the robbery. The police officer read her the photographic lineup admonition; he did not suggest by word or otherwise whom she should pick. When shown the first card, the victim immediately identified Dye as "Willie Mae's son" and the one who had held her at gunpoint.

Dye points to the facts that the victim had told police earlier that one of the robbers had worn a white tee shirt and that Dye's photograph was the only one on the card in which the suspect was wearing a white shirt. When questioned as to the basis of her identification, however, the victim stated, "No, I didn't choose him because of his shirt." Instead, she said she chose him "[b]ecause I recognized him because he had been in the store several times to see his mother and just coming in to get things." Under these circumstances, "no impropriety has been shown in that lineup, and nothing 'impermissibly suggestive' took place under *Neil v. Biggers*."[6] *Coburn v. State*.[7] Accordingly, Dye's trial counsel was not deficient in failing to seek suppression of this evidence. *Bogan,* supra at 246 (2) (e) (holding that "trial counsel's failure to object to the identification testimony cannot be considered deficient performance, since objection was not warranted").

Moreover, co-defendant objected to the photographic lineup on the same grounds Dye now advances, and the trial court overruled the objections. Here, again, Dye cannot show that the outcome of his trial would have been different if trial counsel had raised this issue.

(c) In two separate enumerations of error, Dye next argues that trial counsel was ineffective because he failed to subpoena and/or interview witnesses identified to him prior to trial, and because he failed to introduce evidence of his alibi through these witnesses.

---

[6] *Neil v. Biggers*, 409 U. S. 188, 196 (93 SC 375, 34 LE2d 401) (1972).

[7] *Coburn v. State*, 252 Ga. App. 315, 320 (4) (b) (555 SE2d 750) (2001).

"Deciding which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel." (Punctuation omitted.) *Harris v. State.*[8]

At the hearing on the motion for new trial, trial counsel testified that he had interviewed the witnesses identified by Dye and had decided not to call them because they were poor witnesses and would not help Dye's case. When the trial court inquired why he had come to that conclusion, counsel stated, "They wanted me to tell them what to say and I wasn't about to do that, Judge." Given this testimony, "we conclude that counsel's judgment and tactics were reasonable under the circumstances." (Punctuation omitted.) *Harris,* supra.

Moreover,

even if we assume that [Dye] could establish that his trial counsel's performance was insufficient, he failed to produce the witnesses or their affidavits at the hearing on the motion for new trial, and thus did not present any probative evidence that they would have testified for the defense or that, if so, their testimony would have been exculpatory. To the extent that [Dye] testified as to what the witnesses would have said, such testimony was hearsay. Without a proper proffer of the testimony, [Dye] cannot show a reasonable probability that the missing witness' appearance at trial would have resulted in a different verdict. Thus, even assuming counsel's deficiency, there was no showing of any resulting prejudice.

(Citations and punctuation omitted.) *Prather v. State.*[9]

(d) It is also Dye's contention that trial counsel was ineffective because he failed to allow Dye to testify in his own defense. While Dye contends that trial counsel never discussed with him his right to testify, trial counsel testified at the new trial hearing that he had told Dye he had the right to testify and that Dye had told him that he did not want to do so. He also stated that he and co-defendant's trial counsel had talked together with Dye and his co-defendant about testifying and that both had indicated that they did not wish to do so. The trial court was entitled to believe counsel's testimony that he discussed Dye's taking the stand in his own defense over Dye's testimony that he did not. *Coggins v. State.*[10] We thus find no error in the trial court's holding that Dye was made aware of his right to testify and decided on his own not to do so.

---

[8] *Harris v. State,* 257 Ga. App. 819, 825 (2) (c) (572 SE2d 370) (2002).
[9] *Prather v. State,* 259 Ga. App. 441, 444 (4) (576 SE2d 904) (2003).
[10] *Coggins v. State,* 275 Ga. 479, 482 (3) (569 SE2d 505) (2002).

(e) Dye's remaining claims of ineffective assistance of counsel are meritless.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED APRIL 7, 2004.

*M. V. Booker*, for appellant.

*Dennis C. Sanders, District Attorney, William P. Doup, Assistant District Attorney*, for appellee.