S05A0466. STYLES v. THE STATE.
(610 SE2d 23)

HUNSTEIN, Justice.

Appellant Gregory Styles was convicted of felony murder, aggravated assault, and giving a false statement arising out of the shooting death of Lafe Johnson and the aggravated assault of Charles "Pops" Holloway. He was sentenced to life imprisonment on the felony murder count, a concurrent ten year sentence for aggravated assault and a concurrent three year sentence on the false statement conviction.[1] He appeals from the denial of his motion for new trial and we affirm.

---

[1] The crimes were committed on June 2, 2002. Appellant was indicted on December 23, 2002 by a DeKalb County grand jury for malice murder, felony murder, aggravated assault, and one count of false statement. After a jury trial on August 4-8, 2003, the jury convicted appellant on the felony murder, aggravated assault and false statement counts. On September 16, 2003, appellant was sentenced to life in prison for felony murder, ten years concurrent on aggravated assault, and three years concurrent on the false statement conviction. He moved for a new trial on October 1, 2003 and filed amended motions for new trial on April 16, 2004 and June 28, 2004. The trial court denied the motions on July 26, 2004. Appellant filed a notice of appeal on August 23, 2004 and an amended notice of appeal on September 20, 2004. The case was docketed in this

1. The evidence at trial authorized the jury to find that the victims and two others were playing cards in Holloway's garage when Styles and his brother, co-defendant John Sampson, entered the garage wearing masks and army fatigues and armed with a shotgun and automatic pistol. Sampson held the four men at gunpoint while Styles entered Holloway's home looking for a safe. Holloway followed Styles into the home, scuffled with him, and was shot once in the leg. Styles told Holloway to be quiet or he would shoot him again. Meanwhile, Johnson charged Sampson in the garage and the two fought over the gun. Johnson died as a result of a gunshot wound to the abdomen.

Styles and Sampson were arrested after Sampson sought treatment for a gunshot wound to his foot. Sampson gave police a false name and stated he was shot when someone tried to rob him while walking through the woods. Even with Sampson's help, police could not find the area where Sampson claimed he was attacked or the friend's house where he said he sought help. Police did discover that on the night of the crimes, the same night Sampson was shot, Sampson and Styles went to a neighbor's house. The neighbor noticed Sampson's gunshot wound and Sampson told her that somebody was worse off than he was. The next day Styles asked the neighbor's niece to tell police Sampson was at her house the previous night and was robbed when he left to go to the store. While in jail Styles told one inmate he did not kill anybody but he shot "Pops." He told another inmate that he was involved in a robbery of a guy named "Pops" that went bad and that they had been looking for a safe with money and marijuana.

Reviewing the evidence in the light most favorable to the verdict, we conclude there was sufficient evidence for a rational trier of fact to find Styles guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 433 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Styles contends that the trial court erred in denying his motion to sever his trial from Sampson's.

> Factors to be considered by the trial court in exercising its discretion concerning a request for severance are: "whether a joint trial will create confusion of evidence and law; whether there is danger that evidence implicating one defendant will be considered against another defendant despite cautionary instructions to the contrary; and whether the co-defendants will press antagonistic defenses. [Cit.]" To

Court on November 16, 2004 and submitted for decision on the briefs.

be successful, a defendant seeking severance must clearly show that the joinder will result in prejudice to him or her and a consequent denial of due process. [Cit.] The trial court's ruling as to a request for severance will only be overturned where an abuse of discretion on the part of the trial court can be demonstrated. [Cit.]

*Adams v. State*, 264 Ga. 71, 73 (3) (440 SE2d 639) (1994).

Here, there was no likelihood of confusion because there were only two defendants who acted in concert and the defenses they put forward were not antagonistic in that both denied any involvement in the crimes. Severance would not have limited the introduction of the evidence Styles contends was unduly prejudicial to him, e.g., incriminating statements made by Sampson to police, because such statements would have been admissible against him in a separate trial as the statements of a co-conspirator. OCGA § 24-3-5; *Copeland v. State*, 266 Ga. 664 (2) (b) (469 SE2d 672) (1996). Styles' claim that the physical and testimonial evidence against Sampson was overwhelming in comparison to the evidence of his own guilt is belied by the record. Under these facts, we see no abuse of discretion in the denial of severance. See *Burgess v. State*, 276 Ga. 185 (4) (576 SE2d 863) (2003).

3. During deliberations, the jury requested and the trial court provided a recharge on the legal definitions of murder, felony murder, aggravated assault, and conspiracy. Contrary to Styles' contention, it was within the trial court's discretion to limit the scope of the recharge to issues pertinent to the jury's request. *Boynton v. State*, 277 Ga. 130 (2) (587 SE2d 3) (2003).

4. Styles contends his trial counsel was ineffective for failing to interview two alleged alibi witnesses, Robert Jewel and Mario Holmes, and failing to call them as witnesses at trial. "The standard for determining ineffective assistance of counsel is whether trial counsel's performance was deficient and, if so, whether the deficient performance prejudiced the defense." *Woods v. State*, 271 Ga. 452, 453 (2) (519 SE2d 918) (1999), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). This Court gives deference to the trial court's factual findings, unless clearly erroneous, but independently applies the legal principles to the facts to determine the merits of a claim of ineffective assistance of counsel. *Callendar v. State*, 275 Ga. 115 (3) (561 SE2d 113) (2002).

The record on motion for new trial shows that trial counsel attempted to speak with Jewel and, in fact, left several messages with Jewel's mother but Jewel intentionally did not return the communications. Counsel testified that he did not subpoena Jewel or Holmes because neither one could provide an alibi based on Styles' own

statements that he was home with Sampson 30 minutes before the crimes. Moreover, on motion for new trial both Jewel and Holmes provided inconsistent testimony as to Styles' whereabouts on the night of the crimes and both admitted that they visited Styles in jail numerous times before trial but offered no credible explanation for their failure to come forward as potential alibi witnesses. Accordingly, the court was authorized to find as fact that trial counsel's failure to call these witnesses was due to reasonable trial strategy, not a result of inadequate preparation. See *Boyd v. State*, 275 Ga. 772 (3) (573 SE2d 52) (2002) (counsel's decision not to call witness was reasonable trial strategy).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 2005 —
RECONSIDERATION DENIED MARCH 28, 2005.

*Blend & Michael, Maryann F. Blend*, for appellant.
*Jeffrey H. Brickman, District Attorney, Robert M. Coker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Raina J. Nadler, Assistant Attorney General*, for appellee.