## A05A0845. SHANNON v. THE STATE.
## A05A0846. McKIBBEN v. THE STATE.
### (621 SE2d 540)

SMITH, Presiding Judge.

Following a jury trial, Willie Shannon and Nigel McKibben were convicted of the offense of armed robbery. Their amended motions for new trial were denied, and these appeals ensued. We find no reversible error, and we affirm.

Construed in favor of the verdict, the State presented the testimony of three victims of a convenience store armed robbery. A store employee testified that two men entered the store and that one of them pointed a gun at her and told her "to give it up." It appears that the men's faces, except for their eyes, were covered. This witness nevertheless recognized the man who pointed the gun "[b]y his face and his voice" as a person she knew as "Little Bit." She recognized the second man by his voice as "Pee Wee," a/k/a Willie Shannon. In photographic lineups, she later identified "Pee Wee" and "Little Bit" as the perpetrators of the armed robbery, and she identified Shannon and McKibben in court. When asked what "made [her] think that" one of the lineup photographs depicted McKibben, this witness stated, "I knew it was him because I know Nigel. . . . He had been to my house. . . . I knew his face. I know how he talked."

Another store employee testified that she was talking on the telephone when the two men entered and that a man "snatched the phone out of my hand and made me come out of the office." She looked at the man "dead in the face" and recognized him as "Pee Wee." She identified Shannon as one of the men involved in the robbery but could not identify the other perpetrator. The third witness, a customer, testified that before he entered the store he saw a robbery "in progress" and he unsuccessfully "tried to turn around and walk away." He stated that "[t]he guy with the gun . . . made me come in and just lay down on the floor." He likewise recognized that man to be "Pee Wee" and identified him in court. Although one of the store employees was unable to open the cash drawer and the men left without taking any money, Shannon took the telephone and a carton of cigarettes from the store. The robbery was captured on videotape, which was played for the jury.

### Case No. A05A0845

1. Shannon contends that he was denied effective assistance of counsel because his trial counsel failed to interview potential alibi witness Tequila Starks. During the hearing on Shannon's motion for new trial, Shannon testified that he provided Starks's name and address to trial counsel and identified Starks as an alibi witness.

Starks testified during the same hearing that it was possible that Shannon was at her home on the night of the December 1999 robbery. She stated that "mostly all of the time he spent the night. And we was just real good friends, so he was there the majority of the time." According to Starks, trial counsel never contacted her about Shannon's trial but that if she had been contacted closer to the time of trial, which occurred in September 2000, she would have been more certain as to whether Shannon had spent the night with her on the night of the robbery. She testified that if she had received a subpoena and a ride to court, she would have appeared in court on Shannon's behalf and that she "probably" would have remembered at that time whether Shannon was present in her home on the night of December 21, 1999. We note that although Starks claimed that she and Shannon were good friends, she never "tried to find out where he was" and never visited him in jail.

Shannon's trial counsel testified that she "had interviewed so many people that she saw no reason to bring in" Starks. She stated further that she had no phone number for Starks and that Starks was subpoenaed but failed to appear.

Under the standard of *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), to prevail on an ineffectiveness claim, a defendant must show that his trial counsel was deficient and a reasonable probability that this deficiency affected the outcome of his trial. *Jackson v. State*, 243 Ga. App. 289, 291 (3) (531 SE2d 747) (2000). Absent evidence to the contrary, counsel's actions are presumed to have been strategic. Id. "Deciding which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel." (Citation, punctuation and footnote omitted.) *Dye v. State*, 266 Ga. App. 825, 830 (2) (c) (598 SE2d 95) (2004). "As always, there is a strong presumption that trial counsel's assistance was adequate and that counsel's decisions were made within the bounds of reasonable professional judgment." (Citation and footnote omitted.) Id. at 826 (2).

We find no basis for reversal. Starks did not state with certainty that Shannon was visiting her home on the night of the robbery in this case. As discussed above, she could testify only that she "probably" would have been more certain of his whereabouts if she had been contacted by trial counsel near the time of trial. We therefore "cannot say that [Shannon] has shown [that] he had a strong alibi defense." *Jackson*, supra, 243 Ga. App. at 292 (3) (a). We also note that Starks failed to offer a "credible explanation" for her "failure to come forward as" a possible alibi witness. *Styles v. State*, 279 Ga. 134, 137 (4) (610 SE2d 23) (2005). "Accordingly, the court was authorized to find as fact that trial counsel's failure to call [this] witness[ ] was due to reasonable trial strategy, not a result of inadequate preparation. [Cit.]" Id.

Finally, three witnesses identified Shannon as one of the perpetrators of the armed robbery. Even assuming that trial counsel's failure to interview Starks and present an alibi defense was deficient, Shannon has failed to show a reasonable probability that any such deficiency affected the outcome of trial. See *Jones v. State*, 266 Ga. App. 679, 682-684 (2) (598 SE2d 65) (2004) (credibility of alibi witness questionable and therefore no likelihood of prejudice arising from failure to present alibi defense).

## Case No. A05A0846

2. McKibben challenges the sufficiency of the evidence. On appeal of a criminal conviction, we do not assess the weight of the evidence or the credibility of witnesses; instead, we determine only whether the evidence was sufficient to enable a rational trier of fact to convict the accused of the crime charged beyond a reasonable doubt, under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995).

One witness identified McKibben as one of the armed robbers. She recognized him "by his face and his voice." Furthermore, as pointed out by the State on appeal, an investigator in this case identified "McKibben because of his distinctive voice." This investigator viewed and listened to the videotape of the robbery, in which one of the perpetrators made a "high-pitched yell." At the jail, this investigator heard McKibben make a sound that was "so much like" the sound on the videotape that "it was unreal." Generally, the testimony of a single witness is sufficient to establish a fact. OCGA § 24-4-8. The evidence presented in this case authorized the jury to convict McKibben of armed robbery.

3. McKibben contends that the trial court erroneously denied his motion for mistrial, made on the ground that his character was impermissibly placed in issue. Sergeant Renee Chamblee, one of the investigators involved in this case, testified that jail inmate Jonathan Lauffer viewed the videotape of the armed robbery and immediately identified "Little Bit" by voice, actions, and demeanor, as one of the perpetrators. Lauffer similarly identified "Pee Wee" to Chamblee as the other assailant.[1] Lauffer also showed Chamblee a note, which contained the name "PeWe" and a telephone number. The note then recited, "Tell Little Bit to get . . . out of town tonight and cut his hair. The police is coming to get a hair sample." Chamblee testified that the

---

[1] At trial, Lauffer changed his testimony, stating "I thought it was Willie and Nigel but I kind of started having doubts. . . . I can't say it's them."

telephone number on the note belonged to McKibben, stating, "[t]hat's the phone number that he had put on a previous arrest . . . form." Defense counsel objected and stated that he had "a motion." The prosecutor stated, "I'm sorry, I couldn't understand what he said." The court likewise stated, "I'm not sure of it" and asked defense counsel if he wanted to make his motion at that time. Defense counsel answered, "I guess not, make it whenever." Chamblee's testimony resumed, and at the conclusion of the prosecutor's direct examination, defense counsel moved for a mistrial on the ground that McKibben's character had been improperly placed into evidence.

We first note that the motion for mistrial was not made immediately following Chamblee's allegedly improper statement and therefore was untimely. See *Thaxton v. State*, 260 Ga. 141, 143 (5) (390 SE2d 841) (1990). But even if timely, the grant or denial of the motion was a matter within the trial court's discretion. *Everett v. State*, 253 Ga. 359, 361 (3) (320 SE2d 535) (1984). It is apparent from the record that Chamblee's unresponsive statement concerning the arrest form was difficult to hear; during the hearing on McKibben's motion, the trial court noted that it was "not sure if the jury even heard it." But even if the statement was audible to the jury, the court stated that Chamblee "didn't say who it was a prior arrest of. It could have been of this individual, Mr. Shannon, who was already in jail. It could have been someone else." Although the court was "surprised" by Chamblee's statement and noted that "you might be close in this instance," the court ultimately concluded that response was inadvertent and denied the motion for mistrial.

If the jury in fact did not hear Chamblee's statement, curative instructions would have unnecessarily brought that statement to the jury's attention. Furthermore, as noted by the trial court, the statement did not directly identify the person previously arrested. We cannot conclude that the trial court abused its discretion in denying McKibben's motion for mistrial. Reversal is not required on this ground.

4. Like Shannon, McKibben contends that he was denied effective assistance of counsel. He argues, among other things, that trial counsel was ineffective for failing to file a motion to sever. If such a motion had been filed, the trial court in its discretion would have been required to consider whether a joint trial would create confusion of evidence and the law, whether a danger existed that evidence implicating Shannon would be considered against McKibben despite cautionary instructions, and whether Shannon and McKibben would present antagonistic defenses. *Styles*, supra, 279 Ga. at 135. "To be successful, a defendant seeking severance must clearly show that the joinder will result in prejudice to him or her and a consequent denial of due process." (Citation omitted.) Id. at 135-136 (2). Here, the

defendants did not present antagonistic defenses, and "there was no likelihood of confusion because there were only two defendants who acted in concert." Id. at 136. Under these circumstances, we cannot conclude that counsel's failure to move for severance constituted deficient performance. McKibben has failed to meet his burden of showing both deficiency and error under the standard of *Strickland v. Washington*, supra, with respect to this contention. Furthermore, we have examined the remainder of McKibben's general arguments concerning his ineffectiveness claim, and we conclude that he has failed to meet both prongs of the *Strickland* standard with respect to those claims as well.

*Judgments affirmed. Ellington and Adams, JJ., concur.*

DECIDED SEPTEMBER 22, 2005.

*Robert M. Goldberg, Christopher E. Chapman, Arthur H. English IV*, for appellants.

*Richard G. Milam, District Attorney, Bill D. Golden, Assistant District Attorney*, for appellee.