A06A0260. KENDRICK v. THE STATE.
(630 SE2d 863)

BERNES, Judge.

Following a jury trial, Victor Bernard Kendrick appeals from his conviction of robbery by sudden snatching. Kendrick challenges the sufficiency of the evidence supporting his conviction and contends that he was denied effective assistance of counsel.[1] Finding no error, we affirm.

---

[1] Kendrick also alleges the trial court erred in its charge to the jury. He has not supported this allegation of error with either argument or citation of authority and we therefore deem it

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citation omitted.) *Andrews v. State*, 270 Ga. App. 362 (606 SE2d 587) (2004).

So viewed, the evidence at trial showed that Kendrick, co-defendant Tammy Dianne Kinney, and another female entered a convenience store in McDuffie County. While the two females attempted to distract the store owner and his employee, Kendrick pulled a bank bag from under a cigarette display on the counter, placed it under his jacket, and walked to the back of the store. The store owner, who was at a cash register behind the counter, saw Kendrick take the bag, confronted him and demanded that he return it. The store employee watched the confrontation. After handing the bank bag to the store owner, Kendrick and the two females fled from the store. They were apprehended within minutes by a police officer who had seen them fleeing the store.

1. "A person commits the offense of robbery when, with [the] intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y sudden snatching." OCGA § 16-8-40 (a) (3). Kendrick argues that the state failed to prove that he took the bank bag by force from the "person" or the "immediate presence" of the store owner or his employee. He contends that the evidence showed at most his guilt of the lesser offense of theft by taking. We disagree.

"One's immediate presence in [the context of robbery by sudden snatching] stretches fairly far, and robbery convictions are usually upheld even out of the physical presence of the victim if what was taken was under his control or his responsibility and if he was not too far distant." (Punctuation omitted.) *Welch v. State*, 235 Ga. 243, 245 (1) (219 SE2d 151) (1975).

[F]orce is implicit in sudden snatching, both as a fact and as a legal proposition, the force being that effort necessary for the robber to transfer the property taken from the owner to

abandoned. Court of Appeals Rule 25 (c) (2); *Felix v. State*, 271 Ga. 534, 539, n. 6 (523 SE2d 1) (1999).

his possession. In order to prove a case of robbery by suddenly taking or carrying away the property of another without his consent, it is only necessary to show that the person robbed was conscious that something was being taken away from him, and that for any reason he was unable to prevent it; and consequently the only difference now between robbery of this class and larceny from the person is that in the latter case the property is abstracted without the knowledge of its possessor; but if the possessor becomes conscious, even in the taking, that his property is being taken away from him, and this knowledge is obtained before the taking is complete, the offense of robbery is committed.

(Citations omitted.) *Westmoreland v. State*, 245 Ga. App. 482, 484 (1) (538 SE2d 119) (2000).

In the instant case, the store owner, who had been a sheriff for over 20 years, became suspicious of Kendrick and his companions as they entered the store. From a distance of about ten feet, he watched Kendrick pull the money bag from the counter and put it in his coat. He immediately confronted Kendrick and demanded that he return the bag. This evidence was sufficient to support Kendrick's conviction of robbery by sudden snatching. See *Welch*, 235 Ga. at 245 (1) (recognizing that a victim's immediate presence can extend beyond 15 feet); *King v. State*, 271 Ga. App. 384, 387-388 (2) (609 SE2d 725) (2005) (holding that the victim's awareness of the fact that the defendant was taking her purse from her shopping cart as she was getting items off of the shelf warranted a robbery by snatching conviction); *Lawson v. State*, 224 Ga. App. 645, 645-646 (1) (481 SE2d 856) (1997) (sustaining the conviction when the victim saw defendant reach into her car and take her purse as she stood outside of the car).

2. Kendrick next contends that his trial counsel rendered ineffective assistance. Again, we disagree.

(a) Kendrick and co-defendant Kinney were represented at trial by the same attorney.[2] Kendrick contends that trial counsel's joint representation created a conflict of interest adversely affecting counsel's performance. Kendrick made no objection at trial to counsel's joint representation. In fact, when the trial court queried Kendrick on the issue, Kendrick responded by stating that he wanted to be tried with Kinney and that he knew of no conflict with respect to the evidence at trial. "[A] defendant who does not object at trial [to his counsel's joint representation] must demonstrate that an actual

---

[2] Trial counsel also represented the third defendant, but she failed to appear for trial.

conflict of interest adversely affected his lawyer's performance." (Footnote omitted.) *Jackson v. State*, 271 Ga. 705, 706 (1) (523 SE2d 871) (1999).

Kendrick points only to trial counsel's closing argument in which trial counsel admitted that Kendrick had taken the bank bag and put it under his coat, but inferred that Kinney was unaware of Kendrick's intentions to do so. Within the context of this argument, trial counsel also suggested to the jury that Kendrick's acts, at most, constituted the lesser included offense of theft by taking. Because there was no testimony to the contrary, we presume that counsel's actions were strategic, *Green v. State*, 274 Ga. 686, 688 (3) (558 SE2d 707) (2002), and fall within the wide range of reasonable professional assistance. *Russell v. State*, 269 Ga. 511 (1) (501 SE2d 206) (1998). "Such tactical decisions provide no grounds for reversal unless they 'are so patently unreasonable that no competent attorney would have chosen them.' " (Citation and punctuation omitted.) *Sutton v. State*, 261 Ga. App. 860, 864 (2) (a) (583 SE2d 897) (2003).

The evidence that Kendrick took the bag and placed it under his jacket was strong, if not overwhelming. Thus, trial counsel's strategic decision to admit the conduct underlying the allegations against Kendrick, and to argue that it amounted at most to the lesser included offense of theft by taking was eminently reasonable. Moreover, we have no evidence to suggest that trial counsel's strategy would have been different had he represented Kendrick alone. See, e.g., *Lamb v. State*, 267 Ga. 41, 43 (2) (472 SE2d 683) (1996) (finding counsel made a strategic decision in admitting that the defendant intended only to give the victim a " 'good old-fashioned whipping' " in order to show the jury that the defendant did not harbor the specific intent to kill); *Chapman v. State*, 273 Ga. 348, 350-351 (2) (541 SE2d 634) (2001) (arguing that the defendant was guilty but mentally ill when the evidence was otherwise too overwhelming to succeed during the guilt phase of the trial); *Kemp v. State*, 257 Ga. App. 340, 341 (2) (571 SE2d 412) (2002) (admitting an altercation but arguing that the conduct did not rise to the level of aggravated assault as charged). "The premise of a defendant's claim that he was denied conflict-free assistance because of joint representation must be that his lawyer would have done something differently if there was no conflict." (Citation and punctuation omitted.) *Woods v. State*, 275 Ga. 844, 845 (2) (573 SE2d 394) (2002).

Neither Kendrick nor his trial counsel testified at the motion for new trial hearing. Kendrick did not proffer any evidence that he contends trial counsel failed to present and has pointed to no evidence that his trial counsel presented which placed either defendant in conflict with each other. Kendrick has thus failed to meet his burden of showing an actual conflict of interest which adversely affected his

lawyer's performance. See *Jackson v. State*, 271 Ga. at 706 (1); *Barnes v. State*, 160 Ga. App. 232, 233 (286 SE2d 519) (1981) (allegations of impaired performance without actual evidence "raise only the possibility of conflict") (citations and punctuation omitted).

(b) Kendrick also argues that his trial counsel was ineffective for failing to present mitigation evidence on behalf of Kendrick at the sentencing hearing, failing to discuss with Kendrick the potential problems associated with his multiple representation, and failing to request severance of his trial from that of his co-defendant.[3]

> The two-prong test for determining the validity of a claim of ineffectiveness of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Footnote omitted.) *Duvall v. State*, 273 Ga. App. 143, 144 (3) (614 SE2d 234) (2005).

At the motion for new trial hearing, Kendrick did not proffer any evidence or witnesses that trial counsel could have offered in mitigation of his sentence. Absent any such showing in the record, we cannot find that counsel's failure to present mitigation evidence was deficient or that it prejudiced Kendrick's case. See *Polk v. State*, 275 Ga. App. 467, 470-471 (3) (620 SE2d 857) (2005); *Duvall*, 273 Ga. App. at 145-146 (3) (b).

Because neither Kendrick nor his trial counsel testified at the motion for new trial hearing, there is no evidence as to the nature of any discussions between Kendrick and his counsel regarding trial counsel's joint representation of Kinney. Thus, we must presume that Kendrick's trial counsel acted professionally and effectively. *Boykin v. State*, 264 Ga. App. 836, 841 (5) (592 SE2d 426) (2003).

Finally, there is no evidence to suggest that counsel's failure to request that Kendrick's trial be severed from that of his co-defendant

---

[3] Kendrick also argues that his counsel was deficient for starting the trial without Kinney, who was late to court, and for failing to file a written request to charge on the lesser included offense of theft by taking. Kendrick lacks standing to assert a claim based upon counsel's actions with respect to his co-defendant. Cf. *Ellis v. State*, 211 Ga. App. 605, 609 (3) (440 SE2d 235) (1994). His claim with respect to the jury charges lacks merit because the trial court did charge the jury on both the lesser included offenses of attempted robbery by snatching and theft by taking.

was either deficient or prejudicial. The evidence showed that Kendrick was caught in the act of stealing the bank bag and we fail to see how Kinney's inclusion in the trial could have in any way harmed Kendrick. See *Shannon v. State*, 275 Ga. App. 550, 553 (4) (621 SE2d 540) (2005).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MAY 9, 2006.

*M. V. Booker*, for appellant.

*Dennis C. Sanders, District Attorney, Sarah M. Peacock, Assistant District Attorney*, for appellee.